Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK



FILED
NOV 14 2017
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
(Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

**1. CAPTION OF ACTION**        17 CV 6781 CJS

A. **Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

CORI  LOUIS ELI  SMITH

-vs-

B. **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* **Add a separate sheet, if necessary.**

1. _____        4. _____
2. _____        5. _____
3. _____        6. _____

## 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections MUST be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court: This Court has original jurisdiction over Plaintiff's claims arising under the Patient Protection and Affordable Care Act § 1557, 42 U.S.C. § 18116 (2012) ("section 1557") section 1557 prohibits discrimination on the basis of sex in health programs or activities, "any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency" or any entity under Title I of the Affordable Care Act or its amendments. Jurisdiction over these claims is appropriate under 28 U.S.C. § 1331 and § 1343(a)(3).

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District: The unlawful acts and practices herein were committed in Monroe County, New York.

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.* This is an action to secure relief for violations of rights guaranteed by the Patient Protection and Affordable Care Act § 1557, 42 US.C. § 18116 (2012) ("section 1557") and NYS Human Rights Law, section 296(2)

C. Nature of Suit: Which prohibits discrimination in Public Accommodations in the State of New York.

Both Section § 1557 of the Affordable Care Act and the NYS Human Rights Law prohibit discrimination in healthcare programs on the basis of sex, sex stereotypes, or gender identity. Both prohibit healthcare programs from providing different - and worse - medical care to transgender individuals.

Case 6:17-cv-06781-CJS   Document 1   Filed 11/14/17   Page 2 of 14

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION**  NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: CORI LOUIS ELI SMITH

Present Address: 122 SANFORD ST. ROCHESTER, NY 14620

Name of Second Plaintiff: _____

Present Address: _____

**DEFENDANT'S INFORMATION**  NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: UNIVERSITY OF ROCHESTER MEDICAL CENTER D/B/A HIGHLAND HOSPITAL

Official Position of Defendant (if relevant): _____

Address of Defendant: 1000 SOUTH AVE ROCHESTER, NY 14620

Name of Second Defendant: _____

Official Position of Defendant (if relevant): _____

Address of Defendant: _____

Name of Third Defendant: _____

Official Position of Defendant (if relevant): _____

Address of Defendant: _____

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.   Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**

　　　　Yes____   No _X_

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

　　　Plaintiff(s): _____

2

      Defendant(s):_____

2. Court (if federal court, name the district; if state court, name the county):_____

3. Docket or Index Number:_____

4. Name of Judge to whom case was assigned:_____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

      Is it still pending?  Yes\_\_\_\_  No\_\_\_\_

          If not, give the approximate date it was resolved._____

      Disposition (check those statements which apply):

        \_\_\_\_\_ Dismissed (check the statement which indicates why it was dismissed):

            \_\_\_\_  By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

            \_\_\_\_  By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

            \_\_\_\_  By court due to your voluntary withdrawal of claim;

        \_\_\_\_\_ Judgment upon motion or after trial entered for

           \_\_\_\_ plaintiff
           \_\_\_\_ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

**A. FIRST CLAIM:** On *(dates of the incident)* 11/9/2014 – 11/11/2014 ,
defendant *(give the **name and (if relevant) the position held** of **each defendant** involved in this incident)* Cor. Smith arrived at URMC Highland Hospital at 1:44pm. due to severe abdominal pain. Smith is a Transgender male who was assigned "Female" at birth.

3

did the following to me (*briefly state what each defendant named above did*): _____

_____

The federal basis for this claim is: the Defendant URMC Highland Hospital gave different – and worse – medical care to SMITH, because of his Transgender status.

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: That the defendants complained of herein be adjudged, decreed, and to be declared to be violative of the rights secured to the plaintiff by the Patient Protection and Affordable Care Act, and NYS Human Rights Law. That plaintiff is awarded compensatory damages in an amount excess of $500,000 and to be established at trial for his physical pain, embarrassment, humiliation, emotional pain, anguish, violation of his dignity, and loss of enjoyment of life.

**B. SECOND CLAIM:** On (*date of the incident*) _____,
defendant (*give the <u>name and (if relevant) position held</u> of <u>each defendant</u> involved in this incident*) _____

_____

did the following to me (*briefly state what each defendant named above did*): _____

_____

The federal basis for this claim is: _____

_____

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

_____

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

4

## NATURE OF CLAIM

1. This is an action to secure relief for violations of rights guaranteed by the Patient Protection and Affordable Care Act § 1557, 42 U.S.C. § 18116 (2012) ("Section 1557") and the NYS Human Rights Law Section 296(2) which prohibits discrimination in public accommodations in the State of New York.

2. Both Section § 1557 of the Affordable Care Act and the NYS Human Rights Law prohibit discrimination in health care programs on the basis of sex, sex stereotypes, or gender identity. Both prohibit health care programs from providing different – and worse – medical care to transgender individuals.

3. When Plaintiff Cori Smith sought medical care from Defendants URMC Highland Hospital, at the Highland Hospital emergency room in November 2014, he received worse care (as described in detail in the enumerated paragraphs below) because of his status as a transgender man. Because of his transgender status, Defendants forced Plaintiff to endure unnecessary pain, trauma, humiliation, and duress. Because of his transgender status, Defendants treated Plaintiff with a lack of care, dignity, and respect. Plaintiff brings this claim under Section 1557 and the NYS Human Rights Law section 296(2) to recover damages for the harms Defendants caused him and for injunctive relief, such as increased training and changes in Defendants' policies and practices, so that in the future Defendants will provide equal, nondiscriminatory care to all of their patients, regardless of gender identity or transgender status.

## PARTIES

4. Plaintiff Cori Smith ("Plaintiff") is a female-to-male transgender man who resides in Monroe County, New York.

5. Defendant University of Rochester Medical Center d/b/a Highland Hospital ("Highland") is a New York corporation with a registered office at 1000 South Avenue Rochester, NY 14620.

6. Defendant University of Rochester Medical Center, d/b/a Highland Hospital, is a New York – based healthcare organization receiving federal and state financial assistance such as credits, subsidies, or contracts of insurance.

7. At all relevant times, Defendant URMC Highland Hospital employed the services of doctors, nurses, and other professional and non-professional health care providers, including the nurses and other health care providers who cared for Cori Smith in November 2014, and held itself out and warranted itself to the public as competent, careful, and experienced in the care and treatment of patients.

8. Defendant URMC Highland Hospital is vicariously and/or contractually liable for the actions of its principals, agents, employees, shareholders and/or partners.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over Plaintiff's claims arising under the Patient Protection and Affordable Care Act § 1557, 42 U.S.C. § 18116 (2012) ("Section 1557"). Section 1557 prohibits discrimination on the basis of sex in health programs or activities, "any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency" or any entity established under Title I of the Affordable Care Act or its amendments.

10. Jurisdiction over these claims is appropriate under 28 U.S.C. § 1331 and §1343(a)(3).

11. Plaintiff's state law claim under the NYS Human Rights Law is so related to those over which this Court has original jurisdiction that they form part of the same case and controversy. Supplemental jurisdiction is therefore appropriate under 28 U.S.C. § 1367.

12. The unlawful acts and practices herein were committed in Monroe County, New York.

## FACTS

13. Transgender people experience high rates of discrimination from health care providers. A 2009 survey conducted by Lambda Legal found that 70 percent of transgender or, gender non-conforming respondents reported experiencing discrimination in a health care setting. Lambda Legal, When Health Care Isn't Caring, at 9-10 (2009), *http://data.lambdalegal.org/publications/downloads/whcic-report_when-health-care-isnt-caring.pdf.* Respondents reported being refused care (nearly 27 percent), being subjected to harsh language (nearly 21 percent), and experiencing physically rough or abusive treatment (nearly 8 percent). Id. at 11.

14. The National Transgender Discrimination Survey further documented the extent and severity of discrimination against transgender patients. See Jaime M. Grant et al., Injustice at Every Turn: A Report of the National Transgender Discrimination Survey, at 72-85 (2011), *http://transequality.org/PDFs/NTDS Report.pdf.* High percentages of respondents reported being denied equal treatment in doctor's offices, hospitals, and emergency rooms. Id. at 73. These were often unsafe spaces for transgender patients. Over one-quarter of respondents (28%) reported verbal harassment and 2% reported being physically attacked. Those who transitioned before age 18 were particularly vulnerable to physical attack. Id. at 74.

15. Data from the survey showed that doctors' knowledge of a patient's transgender status significantly increases the likelihood of discrimination and abuse. Id. at 75.

16. Medical providers' failure to provide adequate care to transgender patients has resulted in poor health outcomes. See id. at 76. Transgender patients often find that medical providers are ignorant about basic aspects of transgender health. Id.

17. Many transgender adults postpone or do not seek health treatment when they are injured because of fear of discrimination. "Failing to obtain preventive care is known to lead to poor long-term health outcomes." Id.

18. Overall, it is clear that "[m]edical providers and health systems [are] failing daily in [their] obligation to serve transgender and gender non-conforming people, instead subjecting them to mistreatment ranging from commonplace disrespect to outright violence, abuse, and the denial of human dignity." Id. at 8.

19. Unfortunately, Cori Smith's experience at URMC Highland Hospital illustrates these injustices.

20. Cori Smith is a 23-year-old transgender man. Cori identifies as male but was labeled female at birth and given a female birth name.

21. During the week of November 9 through November 11, 2014. Cori called his primary care provider with a complaint that his reproductive organs were inflamed and causing him extreme pain. His practice's on-call Nurse referred him to the ER.

22. **FIRST CLAIM:** On November 9, 2014 Cori Smith arrived at URMC - Highland Hospital at 1:44pm due to severe abdominal pain. Smith is a Transgender Male, who was assigned "Female" at birth.

23. Upon arrival, Smith stated his name was "CORI" and that he was male (both stated on his driver's license) but was given a hospital bracelet with "Female" on it. He was never referred to by his proper gender pronouns (he/him/his)

24. He mentioned that his pain could be due to a complication from the egg retrieval surgery he had 4 days prior. After worsening pain, a nurse from the Fertility center told him to come in. Smith made sure to mention his history of endometriosis, as it might have something to do with the pain.

25. Smith was in such a great deal of pain that he could hardly walk, or sit up - was red in appearance, and intermittently in tears.

26. Smith understood the triage process, but was the last person to be taken back. He watched 4 minor injuries come in, be treated, and leave before he was even seen. He felt he wasn't being taken seriously, despite knowing something was terribly wrong.

27. When called back, Smith was called back by the name "CORINNE" despite being told to please refer to him as "CORI" (as written on his license - gender marker also stating "M")

28. He had to be rolled back in a wheelchair, as it hurt too much to walk.

29. Smith explained his history of endometriosis, the egg retrieval surgery 4 days prior, and that he has a full hysterectomy already scheduled in 2 weeks with his OB/GYN.

30. It would be another few hours before Smith was given anything for the pain. Despite asking multiple times. It wasn't until after an abdominal ultrasound, when the doctor saw that Smith's ovaries were enlarged, and full of cysts, where pain meds were administered. Doctors stated his ovaries were the size of grapefruits.

31. Multiple doctors misgendered Smith, and called him; "she", "it", "they" - but never by his correct gender pronouns. Smith, his girlfriend, and his mother and father, corrected doctors and nursing staff multiple times, but were never met with respect. The misgendering continued.

32. Because of the fact that Smith already had a full hysterectomy in the books for the upcoming week, he asked if surgery might be necessary to fix this, as he felt and stated

that this pain felt similar to that of his endometriosis pain [usually requiring surgery] Ovarian torsion was also a major risk at the time.

33. On November 10, 2014 – Defendant; Highland Hospital's Emergency OB/GYN Dr. Chinedu Nwabuobi, M.D. told Smith that he "didn't feel comfortable aiding in [your] transition".

34. Smith adamantly told Dr. Nwabuobi this was not to aid his transition, it was to cure him of his ongoing endometriosis problems, as well as the pain he was now suffering because of the complications from his egg retrieval. (Smith had been told since the age of 14 that a hysterectomy would be a necessary form of treatment for his endometriosis)

35. Dr. Nwabuobi argued back that this was a cosmetic surgery he wanted nothing to do with.

36. Dr. Nwabuobi informed Smith at this time that they "would be doing an emergency laparoscopic surgery - not to remove anything, though - but to instead untwist the ovary which had torsion. Then I'm going to close you back up and leave it in there."

37. Smith was crying at this point, his last words before being put under were "If it's bad in there – if it warrants a hysterectomy – please remove everything in there. Please. I want that to be stated – Please remove everything involved with my reproductive system.. It just causes me pain."

38. At approximately 3:45pm on November 10, 2014 – Smith woke up from his first emergency surgery, stating concerns about his pain level. The nurses informed him they removed one ovary, and left the remaining ovary. Smith was in the fetal position asking "why only one ovary was removed, if my other ovary has the same problem?"

39. Highland Hospital's notes stated that "the patient [SMITH] was writhing in pain, crying, in the fetal position, requesting 'help!' and more pain medication [...] Dr. advised not to administer more pain medication."

40. Smith was then left in a hospital room for 5 hours, in the fetal position, crying and screaming out in pain. No nurses came to his room, yet Smith and his girlfriend could hear them at the nurse's station just outside their door. They were laughing and joked, "I wish IT would stop crying - IT's getting really annoying."

41. Smith's girlfriend, Nicole Lombardi, could not take it any longer. She stormed out into the hallway and demanded that "he be seen, and given pain meds, or I will walk up and

down every hallway until I find the doctor myself if you are incapable of paging him! It has been hours of this!"

42. On November 10, 2014 late in the evening, Defendant's Emergency OB/GYN Dr. Chinedu Nwabuobi M.D. performed an unnecessary - and inappropriate - transvaginal ultrasound on Cori Smith.

43. Smith had open incisions on his abdomen from surgery a few hours prior. The Dr. opened Smith's hospital gown from the front, exposing Smith naked to a room of 8 nurses and staff.

44. Smith asked "Why are they in here? They shouldn't be in here.. I did not give them permission.." but was left unanswered.

45. Dr. Chinedu Nwabuobi inserted the 8" probe into Smith's [appearing] female genitalia. He cried out in pain and begged him to stop. His knuckles were white from gripping the hospital bed's railing too tight. Smith started crying harder when he saw three of the nurses covering their mouths giggling as they watched him crying in pain. He asked them to leave. Then yelled at them to leave, asking them "What is funny? This is awful" Smith's girlfriend, Lombardi, begged the Doctor to "fucking stop it! You are hurting him! STOP! GET THESE NURSES OUT OF HERE THIS ISN'T A FREAK SHOW. PLEASE STOP HURTING HIM"

46. Dr. Nwabuobi then said "it was necessary to perform a second emergency laparoscopic surgery, based on the ultrasound results, to remove or look at the remaining ovary" – stating again that "he is not going to aid it's transition and destroy Smith's body."

47. A second surgery did take place, and Smith's remaining ovary was removed.

48. Smith had many complications, occurring for months post-op, after these incidents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A. That the practices of Defendants complained of herein be adjudged, decreed and declared to be violative of the rights secured to the Plaintiff by the Patient Protection and Affordable Care Act § 1557 and NYS Human Rights Law § 296(2)

B. That a permanent injunction be issued requiring that Defendants adopt practices in conformity with the requirements of the Patient Protection and Affordable Care Act § 1557 and NYS Human Rights Law section 296(2), such as ordering appropriate training on providing care to transgender patients with dignity and respect, and making needed changes in policies and procedures.

C. That a permanent injunction be issued prohibiting Defendants from engaging in the practices complained of herein.

D. That Plaintiff is awarded compensatory damages in an amount in excess of $750,000 and to be established at trial for his physical pain, embarrassment, humiliation, emotional pain and anguish, violation of his dignity, and loss of enjoyment of life.

E. That the Plaintiff is awarded punitive damages, to the extent allowed by state and federal anti-discrimination law.

F. That the Court retain jurisdiction until such time as the Court is satisfied that the Defendants have remedied the practices complained of herein and is determined to be in full compliance with the law.

G. That the Court order Defendants to pay counsel for Plaintiff their reasonable attorneys' fees and the costs and expenses of this action.

H. That Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate, just, and equitable.

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

___

Do you want a **jury trial**? Yes ✗  No ____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on ___11/14/2017___
      (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

CORI LOUIS ELI SMITH

[signature]

Signature(s) of Plaintiff(s)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-6781 CJS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CORI LOUIS ELI SMITH

### DEFENDANTS
UNIVERSITY OF ROCHESTER MEDICAL CENTER, D/B/A HIGHLAND HOSPITAL, ~~and EMERGENCY OB/GYN PHYSICIANS~~

(b) County of Residence of First Listed Plaintiff: MONROE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: MONROE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

[Stamp: NOV 14 2017, U.S. District Court, Rochester]

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☒ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Patient Protection and Affordable Care Act § 1557, 42 U.S.C. § 18116 (2012)

Brief description of cause:
Sex discrimination in access to medical care (public accommodations) based on Transgender Status, in violation of Federal and State law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 750,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____