UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CORI LOUIS ELI SMITH,

                            Plaintiff,

-vs-

                            DECISION AND ORDER

                            17-CV-6781-CJS

HIGHLAND HOSPITAL OF ROCHESTER,[1]

                            Defendant.

## APPEARANCES

For the Plaintiff:          Cori Louis Eli Smith, *pro se*
                                   122 Sanford Street
                                   Rochester, New York 14620

For the Defendant:        Jeffrey D. Casey, Esq.
                                   Ward, Greenberg, Heller &Reidy LLP
                                   1800 Bausch & Lomb Place
                                   Rochester, New York 14604
                                   Tel: (585) 423-5910

## INTRODUCTION

**Siragusa, J.** This civil rights case is before the Court on Defendants' motion to dismiss, ECF No. 5, and Plaintiff's cross-motion to amend, ECF No. 8. For the reasons stated below, the Court grants Defendant's motion, and denies Plaintiff's application.

## BACKGROUND

Plaintiff, who is 23 years old, describes himself as "a female-to-male transgender man" who was "labeled female at birth and given a female birth name." Compl. ¶¶ 4, 20. He alleges

---

[1] Plaintiff misnamed the defendant as University of Rochester Medical Center doing business as Highland Hospital and Emergency OB/GYN Physicians. Corporate Disclosure Statement, Feb. 28, 2018, ECF No. 7. The Court directs that the official caption of this case be amended by the Clerk to conform to the caption above.

that in early November 2014 he called his primary care provider complaining of pain and inflammation of his reproductive organs. *Id*. ¶ 21. He further alleges that he sought treatment at Defendant's hospital on November 9, 2014, through November 11, 2014, and suffered discrimination in violation of the New York Human Rights Law ("NYHRL") and the Patient Protection and Affordable Care Act, codified at 42 U.S.C. § 18116 (2010) ("ACA").

Defendant now moves to dismiss the complaint as barred by the statute of limitations for claims pursuant to the ACA and NYHRL, both of which are subject to a three-year limitations period. By Defendant's calculations, since the alleged acts forming the basis for Plaintiff's complaint occurred on November 9 through 11, 2014, Plaintiff should have filed his complaint by November 11, 2017 (a Saturday). Federal Rule of Civil Procedure 6 gave Plaintiff until the next business day, Monday, November 13, 2017, to timely file. However, he failed to do so until Tuesday, November 14, 2017.

Plaintiff, in his submission opposing Defendant's motion to dismiss, states that he had further complications because of the care received November 9–11, and that the hospital readmitted[2] him from November 29 through December 3, 2014, for "'Post-Operative pain, Constipation, Ileus," which he attributes to Defendant's "discriminatory actions…." Pl.'s Response to Motion to Dismiss Requesting Permission to File Amended Complaint ("Pl.'s Resp.") at 1, Mar. 20, 2018, ECF No. 8. Plaintiff also requests to add six paragraphs to his complaint relative to the later admission to Strong Memorial Hospital. Those additional allegations are:

> 49. Smith had severe pain and discomfort for weeks following, and was having difficulty urinating and could not pass a bowel movement despite all attempts

---

[2] Defendant states, and Plaintiff's additional allegation is, that he was admitted to a different hospital: Strong Memorial Hospital. Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss and in Opposition to Plaintiff's Motion to Amend His Complaint at 4 ("Def.'s Reply), Apr. 4, 2018, ECF No. 9; Pl's Proposed Amended Compl. ¶ 52.

2

of stool softeners and recommendations by doctors.

50. On November 28, 2014, Smith was unable to move with such severe pain and nausea. He laid in a chair in that condition the full day and night, unable to sleep.

51. On November 29, 2014, Smith could hardly speak the words to his girlfriend to call 911, as he leaned forward and began to vomit numerous times. First, completely dry pills— numerous doses of them, followed by dry undigested food. This continued on, until Smith vomited his own fecal matter.

52. The EMTs arrived and took Smith to University of Rochester Medical Center Strong Hospital, where he was admitted for "Post-Operative pain, Constipation, Ileus" until the date of December 3.

53. After discharge, Smith required at home Nurse [sic] care.

54. Smith has undergone nerve blocks and trigger point injections as post-operative pain management, in his abdomen, every 4 weeks since—with side effects and future unknown.

Proposed Amended Complaint ¶¶ 49–54 (Exhibit A), Mar. 20, 2018, ECF No. 8-2.

## STANDARD OF LAW

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard courts are to apply to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp.*

3

*v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). Further, the Court must read the allegations in a *pro se* complaint broadly and construe it to "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678–79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

A "court should freely give leave when justice so requires." Fed. R. Civ. P. 15. However, "A court may deny a motion to amend if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ANALYSIS

*Motion to Dismiss*

In its Decision and Order granting Plaintiff permission to proceed *in forma pauperis* and screening the original complaint pursuant to 28 U.S.C. § 1915A, the Court found that the ACA prohibits exclusion of an individual from "the benefits of, or [to] be subjected to discrimination under, any health program or activity" if it is receiving Federal financial assistance. The statute specifically refers to discrimination pursuant to title VI of the Civil Rights Act of 1964, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, and section 504 of the Rehabilitation Act of 1973. After reviewing these Acts, the Court determined that the only applicable one would be title IX of the Educations Amendments of 1972. *See Prescott v. Rady Children's Hospital—San Diego*. No. 16-cv-02408-BTM-JMA, 2017 WL 4310756 (S.D. Calif. Sept. 27, 2017) (holding that by extension Title IX is the basis for transgender identity sex discrimination).

Setting aside for another day the question of whether this Circuit recognizes a cause of action under the ACA for transgender identity discrimination, the Court focuses on the issue Defendant raises—the statute of limitations. Title IX does not contain a limitations period, so the Second Circuit has borrowed the limitations period from the state for a closely analogous action, one for personal injury. In New York, the limitations period for a personal injury action is three years. N.Y. C.P.L.R. § 214(5) (Consol. 1996). Therefore, the limitations period for a

Title IX action is also three years in New York. *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004).[3]

Turning to the NYHRL, N.Y. Exec. L. § 296(2) (Consl. 2018), Defendant points out that the New York legislature amended the regulations promulgated pursuant to § 292 to explicitly protect transgender individuals. N.Y. Comp. Codes R. & Regs., tit. 9, § 466.13(b)(2), (c)(1) (2016). Defendant argues that since the NYHRL did not incorporate transgender discrimination into the regulations until 2016, and the regulation did not specifically make it retroactive to 2014, Plaintiff has not stated a cause of action under the NYHRL. Further, Defendant contends that the limitations period for a NYHRL claim is three years. N.Y. C.P.L.R. § 214(2) (Consl. 1996); *Odom v. Doar*, 497 F. App'x 88, 89 (2d Cir. 2012) ("because Odom did not file his federal complaint until January 2011, his claims brought under the New York State Human Rights Law … which ha[s] a three-year statute of limitations, [is] also time-barred.").

*Motion to Amend*

Defendant opposes Plaintiff's motion to amend as futile. It contends that Plaintiff has conceded his original ACA and NYHRL claims are barred, and that Plaintiff's additional factual allegations pertain to a different hospital, and allege a medical malpractice claim, which is also barred. Further, Defendant argues that the Court has no jurisdiction over a medical malpractice claim. Def.'s Reply at 4.

---

[3] Plaintiff has not raised the issue of whether the four-year federal "catchall" statute of limitations applies. Even if he had, however, the holding in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) ("We conclude that a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."), forecloses that possibility. Title IX was enacted on June 23, 1972 by P.L. 92-318.

Defendant raises the question of whether the "continuing violation doctrine" could act to save Plaintiff's discrimination claim. The continuing violation doctrine might arise if a plaintiff has endured a "continuous practice and policy of discrimination." In which case "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) (citing *Gomes v. Avco Corp.*, 964 F.2d 1330, 1333 (2d Cir. 1992) (quoting *Miller v. International Telephone & Telegraph Corp.*, 755 F.2d 20, 25 (2d Cir.), *cert. denied*, 474 U.S. 851 (1985)). The doctrine, however, would not be applicable in a situation involving individual instances of discrimination isolated in time from one another.

Here, Plaintiff alleges discrimination by Defendant from November 9 through 11, then additional damages suffered causing admission to Strong Memorial Hospital November 29 through December 3, all in 2014. The second hospital admission to a non-party hospital does not show an ongoing policy of discrimination by Defendant. Thus, Plaintiff's additional allegations do not amount to a continuing violation.

Defendant is correct that Plaintiff has not plead a medical malpractice cause of action. Even if the Court were to construe his proposed amended complaint as raising one, however, the Court would be without jurisdiction to adjudicate it. "[F]ederal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). They "possess only that power authorized by Constitution and statute, which is not to be expanded upon by judicial decree." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction...." *Id.* Nothing in Chapter 85 of Title 28 would confer jurisdiction on this Court to hear a medical malpractice claim based on the allegations in the proposed amended complaint.

Additionally, as Defendants have argued, the statute of limitations for a medical malpractice claim in New York is two years and six months from the date of accrual. N.Y. C.P.L.R. 214-a (Consl. 2018). Even if the Court were to assume the accrual date is the date of Plaintiff's discharge from Strong Memorial Hospital, December 3, 2014, the limitations period expired on June 13, 2017, which is 154 days before Plaintiff filed his original complaint.

## CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion to amend, ECF No. 8, as futile, and grants Defendant's motion to dismiss, ECF No. 5. The Clerk will enter judgment for Defendant and close this case.

IT IS SO ORDERED.

DATED:    October 1, 2018
               Rochester, New York

                                      /s/ Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge